# EXHIBIT E

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| FREE SPEECH FOR PEOPLE,<br>1320 Centre St. #405<br>Newton, MA 02459,<br><br>        Plaintiff,<br><br>  v.<br><br>UNITED STATES ELECTION ASSISTANCE<br>COMMISSION,<br>633 3rd Street NW, Suite 200<br>Washington, DC 20001,<br><br>        Defendant. | Civil Action No. _____ |

## COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

## INTRODUCTION

1.     This is an action under the Freedom of Information Act ("FOIA"), 5 U.S.C.

§ 552, seeking the release of agency records improperly withheld from Plaintiff Free Speech For

People ("FSFP") by Defendant United States Election Assistance Commission ("EAC").

2.     Between 2015 and 2020, the EAC developed long-awaited guidelines for

federally certified voting machines through a process that incorporated input from statutorily

created advisory groups, other federal agencies, and the public. In the spring and early summer

of 2020, this process drew to a close as proposed guidelines were approved by the EAC's

Technical Guidelines Development Committee in February, submitted for public comment in

March, and reviewed by the EAC's two separate advisory boards in June and July.

3.     But on July 31, 2020—after the close of the public comment period and as the

EAC entered the last stages of finalizing the guidelines—it came to light that the EAC's staff had

been meeting privately with voting machine vendors to discuss changes. Those changes would weaken the proposed guidelines' restrictions on wireless networking devices in electronic voting machines, and thereby lessen the burden on voting machine vendors. Weakened restrictions on wireless networking devices in electronic voting machines would expose voting systems and public election infrastructure to a greater risk of malicious interference, as FSFP and the EAC's own advisory bodies had emphasized while the proposed guidelines were under development.

4.      Between August 3, 2020 and February 5, 2021, FSFP requested from the EAC records of the non-public communications between EAC staff and private voting machine vendors. Those records would reveal the private influence fueling revisions to the voting machine guidelines outside the public notice-and-comment process. FSFP submitted four FOIA requests to the EAC.

5.      In late January 2021, FSFP learned that the EAC intended to vote on proposed final guidelines containing extensive material revisions to the guidelines that had been publicly proposed. FSFP urged the EAC to disclose records responsive to its pending FOIA requests before the vote so that the public could understand the nature and extent of the behind-the-scenes communications that preceded the revisions.

6.      Meanwhile, the EAC raced to vote on final guidelines for federally certified voting machines. On February 10, 2021—just nine days after making public the extensive revisions that it developed after private meetings with voting machine vendors and without reopening the public comment period—the EAC voted to adopt the substantially changed guidelines.

7.      Despite the passage of over seven months since FSFP's first FOIA request, FSFP has yet to receive a single EAC record in response to any of its requests.

## JURISDICTION AND VENUE

8.      This Court has subject matter jurisdiction over this action pursuant to 5 U.S.C.

§ 552(a)(4)(B) and 28 U.S.C. § 1331. It has personal jurisdiction over the parties pursuant to

5 U.S.C. § 552(a)(4)(B). Venue lies in this district under 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C.

§ 1391(e)(1).

9.      This Court has authority to issue declaratory and injunctive relief under 28 U.S.C.

§§ 2201 and 2202.

10.      Because the EAC failed to respond to FSFP's FOIA requests within the statutory

time limit, FSFP is deemed to have exhausted its administrative remedies. 5 U.S.C. §

552(a)(6)(C)(i).

## PARTIES

11.      Free Speech For People is a national non-partisan, non-profit 501(c)(3)

organization incorporated and with its primary place of business in Massachusetts. FSFP works

to renew our democracy and our United States Constitution. FSFP has thousands of supporters

across the country who engage in education and non-partisan advocacy to protect our democracy.

One of FSFP's core areas of work is gathering and broadly disseminating information to the

public via our website and social media platforms such as Twitter and Facebook. In addition,

FSFP maintains an email list of over 250,000 active supporters and regularly communicates with

this list about information posted on the website. FSFP also provides legal analysis to the public

as well as to members of the press regarding EAC matters.

12.      Defendant U.S. Election Assistance Commission is an independent agency of the

United States Government.

3

## BACKGROUND AND FACTS

**A.     The Help America Vote Act and Election Assistance Commission**

13.     The Help America Vote Act (HAVA) of 2002, 52 U.S.C. §§ 20901–21145,

established the EAC as "a national clearinghouse and resource for the compilation of information

and review of procedures with respect to the administration of Federal elections." 52 U.S.C.

§ 20922. HAVA mandates that the EAC develop studies, best practices, and/or guidelines for

states to follow in key areas of election administration. *Id.*

14.     Among its provisions, HAVA mandates that the EAC create voluntary voting

system guidelines and operate the federal government's voting system certification program. *Id*.

§§ 20962, 20971.

15.     The Voluntary Voting System Guidelines (VVSG) are "a set of specifications and

requirements against which voting systems can be tested to determine if the systems meet

required standards."[1]

16.     HAVA prescribes a multi-step technical and public input process for development

and adoption of the VVSG to ensure that the EAC acts with the best possible input from

technical experts (both on and off its official boards) and the general public. *Id*. § 20962.

17.     HAVA also establishes three unpaid advisory bodies that each assist the EAC in

creating the VVSG: the Standards Board, the Board of Advisors, and the Technical Guidelines

Development Committee. *Id*. §§ 20921, 20941, 20961.

18.     To develop the VVSG, first the Technical Guidelines Development Committee

provides to the EAC's Executive Director recommendations which the Executive Director "shall

---

[1]     *Voluntary Voting System Guidelines*, U.S. Election Assistance Comm'n,
https://www.eac.gov/voting-equipment/voluntary-voting-system-guidelines.

take into consideration." *Id.* § 20962(b)(1). The Technical Guidelines Development Committee is chaired by the Director of the National Institute of Standards and Technology, which is also mandated to provide technical support to the Committee, including "research and development in areas to support the development of the voluntary voting system guidelines." 52 U.S.C. §§ 20961(c)(1), (e)(1)–(2).

19.　　Next, the EAC's Executive Director "shall submit the guidelines proposed to be adopted" to both the Board of Advisors and the Standards Board. *Id.* § 20962(b)(2), (b)(3). Both boards must submit comments and recommendations to the EAC. *Id.* § 20962(c).

20.　　HAVA prohibits the EAC from voting to adopt final guidelines until it has given both the Standards Board and the Board of Advisors 90 days to review and comment on the proposed guidelines and has "tak[en] into consideration" their comments and recommendations. *See id.* § 20962(d)(1)–(2).

21.　　In addition to these technical inputs, HAVA requires a public input process that includes notice of the proposed guidelines published in the Federal Register, an opportunity for public comment on the proposed guidelines, and an opportunity for a public hearing on the record. *Id.* § 20962(a)(1)–(3).

### B.　　VVSG 2.0

22.　　On December 13, 2005, the EAC adopted the first version of the VVSG, known as VVSG 1.0.

23.　　In 2015, the EAC began development of an updated and strengthened set of voluntary voting system guidelines, to be known as VVSG 2.0. The EAC and the National Institute of Standards and Technology formed public working groups to help develop the new VVSG.

5

24.     The EAC directed the Technical Guidelines Development Committee to bifurcate VVSG 2.0 into a high-level set of "principles and guidelines" and a more detailed set of VVSG 2.0 "requirements."

### i.  First Public Notice and Comment Period

25.     Between September 2017 and April 2018, the Technical Guidelines Development Committee, Standards Board, and Board of Advisors approved a set of proposed VVSG 2.0 Principles and Guidelines.[2]

26.     A public comment period on the proposed VVSG 2.0 Principles and Guidelines ran from February 28, 2019 to June 7, 2019, and public hearings were held on April 10, 2019 and April 23, 2019.

### ii.  Second Public Notice and Comment Period

27.     In late 2019 and early 2020, the Technical Guidelines Development Committee reviewed the draft VVSG 2.0 Requirements. However, the EAC refused to share with the committee the public comments that the EAC had received during the February-June 2019 public comment period. Many of those comments, on information and belief, pertained to the wireless connectivity issue.

28.     At a December 18, 2019 meeting of the Technical Guidelines Development Committee, a National Institute of Standards and Technology representative represented that under the draft VVSG 2.0 Requirements an approved voting system would not have wireless capability:

> So, **the voting system itself would not have any wireless capability built into it** so you wouldn't be able to access…its network capabilities…We would **remove that wireless**

---

[2]      *Voluntary Voting System Guidelines*, U.S. Election Assistance Comm'n, https://www.eac.gov/voting-equipment/voluntary-voting-system-guidelines.

**capability** from the voting system like I mentioned, so there would be no wireless communication.[3]

29. On February 7, 2020, the Technical Guidelines Development Committee voted unanimously to recommend proposed VVSG 2.0 Requirements, including the requirement that a voting system not be capable of establishing wireless connections, to the EAC's Acting Executive Director.[4]

30. The EAC submitted the proposed VVSG 2.0 for public comment between March 24, 2020 and June 22, 2020. 85 Fed. Reg. 16,621 (Mar. 4, 2020).

31. Public hearings were held on the proposed VVSG 2.0 Principles and Guidelines and Requirements on March 27, May 6, and May 20, 2020.

32. On July 31, 2020, the EAC Standards Board met and voted to approve the proposed VVSG 2.0 Principles and Guidelines and Requirements. In contravention of the HAVA-mandated process, the EAC Board of Advisors never voted or submitted comments or recommendations on the final VVSG 2.0 Principles and Guidelines and Requirements which the EAC adopted on February 10, 2021.

### C. EAC's Closed Door Meetings with Private Voting Machine Vendors

33. At a July 31, 2020 meeting of the Standards Board, the EAC disclosed that its staff had been meeting privately with voting machine vendors on a weekly basis to discuss changes to the proposed VVSG 2.0 that had been recommended by the EAC's Technical Guidelines Development Committee, reviewed by the EAC's two boards, and submitted for

---

[3] EAC Technical Guidelines Development Committee Conference Call Meeting, at 51:18 and 52:40 (Dec. 18, 2019), https://www.youtube.com/watch?v=ycPX5yt0N-k&t=1745s (emphasis added).

[4] *Voluntary Voting System Guidelines*, U.S. Election Assistance Comm'n, https://www.eac.gov/voting-equipment/voluntary-voting-system-guidelines.

public comment.[5] *See also Dispelling Misinformation about VVSG 2.0*, U.S. Election Assistance Comm'n (Feb. 5, 2021), https://www.eac.gov/documents/2021/02/05/vvsg-20-dispelling-misinformation (acknowledging meeting with vendors).

34.     In the fall of 2020, rumors circulated that the EAC was planning to remove the proposed VVSG 2.0's ban on wireless networking hardware in voting machines. Any such revisions would be contrary to the recommendations of the Technical Guidelines Development Committee and National Institute of Standards and Technology.

35.     On January 26, 2021, the EAC published notice in the Federal Register that its vote on the proposed VVSG 2.0 would be February 10, 2021. 86 Fed. Reg. 7,077 (Jan. 26, 2021). The notice made no reference to revisions of the proposed language of the VVSG 2.0.

36.     On February 1, 2021, nine days before the scheduled vote, the EAC finally posted on its website the proposed final VVSG 2.0.[6] Among the changes in the proposed final VVSG 2.0 was language specifically permitting the inclusion of wireless networking devices in voting machines if they are disabled by software.[7]

37.     On information and belief, the EAC did not release to the public or to its advisory boards any of the comments submitted during the notice and comment period until February 1, 2021, when it posted only the 2020 comments. The EAC did not post the comments from 2019, many of which, on information and belief, concerned wireless connectivity.

---

[5]     Standards Board Annual Meeting, U.S. Election Assistance Comm'n, at 54-55, 64-65 (July 31, 2020), https://www.eac.gov/sites/default/files/2020-08/EAC_073120_Verbatim_StandardsBoard.pdf. .

[6]     *Voluntary Voting System Guidelines VVSG 2.0 Redline*, U.S. Election Assistance Comm'n (Feb. 1, 2021), https://www.eac.gov/documents/vvsg-20-redline-version.

[7]     *Voluntary Voting System Guidelines VVSG 2.0*, U.S. Election Assistance Comm'n, (Feb. 10, 2021), https://www.eac.gov/sites/default/files/TestingCertification/Voluntary_Voting_System_Guidelines_Version_2_0.pdf.

38.     On February 10, 2021, the EAC voted to adopt the final VVSG 2.0.[8]

**D.     FSFP's FOIA Requests**

39.     FSFP has filed four FOIA requests seeking records of the non-public meetings and other communications between EAC staff and private voting machine vendors. The EAC has yet to produce a single document in response.

### i.   Request # 20-00039

40.     On August 4, 2020, FSFP's Senior Election Security Advisor Susan Greenhalgh sent on behalf of FSFP a FOIA request by email to EAC Records Access Officer Amanda Joiner, seeking "all communication (including but not limited to email, fax, letters, voicemails, texts, etc., including all attachments and forwarded messages) between staff and agents of the U.S. Election Assistance Commission (EAC) and staff and agents of: Election Systems & Software (ES&S)[,] Dominion Voting[,] Unisyn Voting[,] Clear Ballot[,] VotingWorks, [and] Hart Inter[C]ivic from June 20, 2020 to date." Election Systems & Software (ES&S), Dominion Voting, Unisyn Voting, Clear Ballot, VotingWorks, and Hart InterCivic are private voting machine vendors.

41.     On August 4, 2020, the EAC acknowledged receipt of the request, and assigned it file number 20-00039.

42.     On multiple occasions over the following weeks, Ms. Greenhalgh requested an update on production.

43.     On September 2, 2020, Ms. Greenhalgh requested that a response be "expedited."

---

[8]     Press Release, U.S. Election Assistance Comm'n, *U.S. Election Assistance Commission Adopts New Voluntary Voting System Guidelines 2.0* (Feb. 10, 2021), *https://www.eac.gov/news/2021/02/10/us-election-assistance-commission-adopts-new-voluntary-voting-system-guidelines-*.

44.     On November 6, 2020, the EAC's records officer stated: "We conducted a search for records responsive to your request and are in the process of reviewing those records. I anticipate completing our review and providing a response to you in the next two weeks."

45.     On December 7, 2020, Ms. Greenhalgh sent another follow-up email to the EAC records officer explaining that FSFP had learned of the EAC's intention to amend the voting guidelines provision on internet connectivity capability and that, consequently, FSFP needed an expedited response to Request # 20-00039:

> [W]e have learned that the EAC intends to amend the proposed VVSG 2.0 concerning the internet connectivity capability of voting machines outside the notice and comment procedure mandated by law. Thus, our request for agency communications with private vendors that may have resulted in this proposed amendment is now essential to public transparency and warrants expedited processing. The issue of voting security is of great public concern and, given the vote is anticipated in the next 60 days, this issue requires urgent disclosure of the requested information. My organization, Free Speech For People, is a not-for-profit whose mission in part is to disseminate information concerning issues of public concern, and to protect government transparency and election security.

46.     On December 14, 2020, the records access officer informed Ms. Greenhalgh that the EAC "granted your request for expedited processing" and that FSFP's request "yielded over 200 potentially responsive records." The EAC further stated: "We completed our responsiveness review of these records and are reviewing for applicable exemptions under 5 U.S. Code § 552(b). I anticipate providing a final response to this request by December 31, 2020. Please note this estimated completion date is subject to change."

47.     On December 30, 2020, the EAC informed Ms. Greenhalgh by email that "the estimated completion date for FOIA request 20-00039 is now Friday, January 15."

48.     The EAC did not disclose any documents in response to FOIA request #20-00039 on January 15 or, as of the filing of this Complaint, on any date thereafter.

49.     On January 19, 2021, Ms. Greenhalgh appealed the constructive denial of Request # 20-00039 by email addressed to EAC FOIA Appeal Officer Kevin Rayburn and with relevant prior correspondence annexed, again citing the imminent vote on the VVSG 2.0 and FSFP's substantive interest in the records "to disseminate information concerning issues of public concern, and to protect government transparency and election security."

50.     By email dated January 28, 2021 to Appeal Officer Rayburn, counsel for FSFP reiterated the urgency of the request for responsive records and cited the upcoming vote on VVSG 2.0 on February 10:

> On January 26, 2021, the agency published notice in the [F]ederal [R]egister of the upcoming vote to take place on February 10, 2021. We again present that this matter is of urgent public concern and relevant information should be disclosed to the public prior to the February 10th vote. We look forward to a response as soon as possible.

51.     On March 26, 2021, the EAC informed FSFP that Request # 20-00039 was "in final review" and that the EAC "anticipate[d] providing a completed response…by April 16, 2021," though "this estimated response date [wa]s subject to change." Also that date, it sent a separate letter denying FSFP's appeal because "no adverse determination ha[d] been made" on the request.

### ii.   Request # 21-00007

52.     On December 14, 2020, by email Ms. Greenhalgh requested on behalf of FSFP:

> [C]opies of any and all legal opinions, memorandum, letters, emails, or written materials, produced or provided to the Commissioners of the U.S. Election Assistance Commission (EAC) that describes, concerns, analyzes, reflects or addresses any distinction between "requirements" and "guidelines" in the approval or adoption process specified under the Help America Vote Act of 2002; including but not limited to any reference to the Voluntary Voting System Guidelines 2.0 Principles and Guidelines (approved by the TGDC Sept. 2017), and the Voluntary Voting System Guidelines 2.0 Requirements (approved by the TGDC Feb. 2020).

11

53.     By email dated January 15, 2021, the EAC acknowledged the request and assigned it file number 21-00007.

54.     On January 28, 2021, having received no further response and no documents, Ms. Greenhalgh appealed the constructive denial of the request by email to EAC FOIA Appeal Officer Rayburn, and highlighted the relevance of the requested documents by pointing out that "[o]n January 26, 2021, a notice of the upcoming vote scheduled for February 10, 2021 was published in the [F]ederal [R]egister."

55.     The January 28, 2021 appeal also noted that "[t]he issue of voting security is of great public concern and, given the vote is anticipated in the next 60 days, this issue requires urgent disclosure of the requested information…Free Speech For People is a not-for-profit whose mission in part is to disseminate information concerning issues of public concern, and to protect government transparency and election security." (internal quotations omitted)

56.     On March 26, 2021 the EAC sent a letter denying FSFP's appeal "because no adverse determination ha[d] been made" on the request.

### iii.   Request # 21-00008

57.     On December 15, 2020, FSFP Special Counsel Gillian Cassell-Stiga requested by email on behalf of FSFP:

> [A]ny and all documentation or files evidencing or referring to the date, time, and/or length of communications or meetings, occurring between January 1, 2020 and December 7, 2020, between the EAC and any of the following vendors: Election Systems & Software (ES&S), Dominion Voting, Unisyn Voting, Clear Ballot, VotingWorks, and Hart Inter[C]ivic.

58.     Ms. Cassell-Stiga also requested expedited processing pursuant to 11 C.F.R. § 9405.7 in light of the EAC's intention to amend the proposed VVSG 2.0 and the need for transparency:

> We have learned that the EAC intends to amend the proposed VVSG 2.0
> concerning the internet connectivity capability of voting machines,
> potentially outside the notice and comment procedure mandated by law.
> Thus, we believe the length and volume of communications with private
> vendors that may have resulted in this proposed amendment is essential to
> public transparency and warrants expedited processing. The issue of
> voting security is of great public concern and, given the vote is anticipated
> in the next 60 days, this issue requires urgent disclosure of the requested
> information. My organization, Free Speech For People, is a not-for-profit
> whose mission in part is to disseminate information concerning issues of
> public concern, and to protect government transparency and election
> security.

59.     By email dated January 15, 2021, the EAC acknowledged the request, assigned it

file number 21-00008, and granted the request for expedited processing.

60.     On January 28, 2021, having received no further response and no documents, Ms.

Cassell-Stiga appealed the constructive denial of the request by email addressed to EAC FOIA

Appeal Officer Rayburn and emphasized the urgent need for the requested documents in light of

the upcoming vote on the VVSG 2.0 guidelines:

> Note my prior request that a response be expedited was based upon the
> rumor that the EAC intended to vote on the VVSG 2.0 guidelines
> imminently. On January 26, 2021, the agency published notice of the
> upcoming vote to take place on February 10, 2021 in the [F]ederal
> [R]egister. We present that this matter is now of urgent public concern and
> look forward to a response as soon as possible.

61.     The January 28, 2021 appeal further noted that FSFP "is a not-for-profit whose

mission in part is to disseminate information concerning issues of public concern, and to protect

government transparency and election security."

62.     On March 26, 2021 the EAC sent Ms. Cassell-Stiga a letter denying FSFP's

appeal "because no adverse determination ha[d] been made" on the request.

#### iv. Request # 21-00027

63.    By email dated February 5, 2021, Ms. Cassell-Stiga submitted a FOIA request for

the following records on behalf of FSFP:

> any and all communications (including but not limited to electronic
> communications, email, letters, etc.), including all attachments and
> forwarded messages, referencing "Voluntary Voting System Guidelines",
> "VVSG", or "wireless", transmitted or exchanged between August 4, 2020
> and February 5, 2021, between any employee, agent, or representative of
> the U.S. Election Assistance Commission (EAC) and any employee,
> agent, or representative of any of the following entities:
>
> > a. Election Systems & Software (ES&S)
> > b. Dominion Voting Systems
> > c. Unisyn Voting Solutions
> > d. Clear Ballot Group
> > e. VotingWorks
> > f. Hart InterCivic Inc.

64.    The request included a detailed background on FSFP's interest in information

about a possible amendment to the proposed VVSG 2.0 and a request for expedited processing in

light of the upcoming vote on the proposed VVSG 2.0, stating:

> This request involves "urgency to inform the public concerning actual or
> alleged Federal government activity." See 5 U.S.C. § 552(a)(6)(E)(v)(II);
> 11 C.F.R. § 9405.7(h)(1). As discussed in Part I above, the EAC is
> imminently preparing to vote on VVSG 2.0 Requirements that were
> altered out of the public eye after informing the Standards Board that EAC
> staff were meeting weekly with vendors. There is urgency to inform the
> public concerning the EAC's actions in this matter, and this urgency will
> remain even after the EAC votes, because of the VVSG's impact on the
> security of electronic voting systems, a topic of significant public interest.

65.    Ms. Cassell-Stiga also requested a fee waiver under 11 C.F.R. § 9405.12 because

"FSFP is a national non-partisan, non-profit 501(c)(3) organization" and disclosure of the

requested documents would be in the public interest. She explained that FSFP intended to make

publicly available relevant portions of the documents and to provide a legal analysis of how they

relate to the draft VVSG 2.0 and upcoming vote.

66.     On February 23, 2021, the EAC acknowledged this request and assigned it file number 21-00027. The EAC denied the request for expedited processing, offering only conclusory statements that the request failed to demonstrate a need for expedited treatment. The EAC did not respond to the request for a fee waiver.

67.     On February 26, 2021, Ms. Cassell-Stiga filed by email and mail to EAC FOIA Appeal Officer Rayburn an appeal on behalf of FSFP of the EAC's denial of the request for expedited processing and, having received no documents, the failure to produce any records.

68.     On March 26, 2021 the EAC sent Ms. Cassell-Stiga a letter denying FSFP's appeal. It affirmed its denial of expedited processing, stating that "[g]eneral statements of urgency and that the responsive records may be relevant to comments FSFP may wish to submit do not satisfy the standard for expediting processing." And it denied the appeal of the EAC's constructive denial of the FOIA request "because no adverse determination ha[d] been made" on the request.

## CLAIMS FOR RELIEF

### COUNT ONE
**Violation of the Freedom of Information Act, 5 U.S.C. § 552, for Failure to Conduct an Adequate Search for Responsive Records**

69.     The Plaintiff realleges and incorporates by reference as if fully set forth herein each of the preceding paragraphs and allegations.

70.     The Defendant is obligated under 5 U.S.C. § 552(a)(3)(C) to conduct a reasonable search for records responsive to the Plaintiff's FOIA requests #20-00039, 21-00007, 21-00008, and 21-00027. *See also* 11 C.F.R. §§ 9405.4(c), 9405.7(c).

71.     The Plaintiff has a legal right to obtain such records, and no legal basis exists for the Defendant's failure to search for them.

72.     The Defendant's failure to conduct a reasonable search for records responsive to the Plaintiff's requests violates, at a minimum, 5 U.S.C. § 552(a)(3)(C) and the regulations promulgated thereunder at 11 C.F.R. §§ 9405.4(c), 9405.7(c).

### COUNT TWO
**Violation of the Freedom of Information Act, 5 U.S.C. § 552, for**
**Failure to Disclose Responsive Records**

73.     The Plaintiff realleges and incorporates by reference as if fully set forth herein each of the preceding paragraphs and allegations.

74.     The Defendant is obligated under 5 U.S.C. § 552(a)(3) to promptly produce records responsive to the Plaintiff's FOIA requests #20-00039, 21-00007, 21-00008, and 21-00027. *See also* 11 C.F.R. §§ 9405.4(c), 9405.7(c).

75.     The Plaintiff has a legal right to obtain such records, and no legal basis exists for the Defendant's failure to disclose them.

76.     The Defendant's failure to disclose all responsive records violates, at a minimum, 5 U.S.C. § 552(a)(3)(A), as well as the regulations promulgated thereunder at 11 C.F.R. §§ 9405.4(c), 9405.7(c).

### COUNT THREE
**Violation of the Freedom of Information Act, 5 U.S.C. § 552, for**
**Failure to Respond within Time Required**

77.     The Plaintiff realleges and incorporates by reference as if fully set forth herein each of the preceding paragraphs and allegations.

78.     The Defendant is obligated under 5 U.S.C. § 552(a)(3)(A) and 552(a)(6)(A)(i) to promptly produce records responsive to the Plaintiff's FOIA requests #20-00039, 21-00007, 21-00008, and 21-00027. *See also* 11 C.F.R. §§ 9405.4(c), 9405.7(c). The Plaintiff thus has a legal

right to obtain such records within the statutorily prescribed time limit, and no legal basis exists for the Defendant's failure to disclose them within that period.

79.　　The Defendant's failure to disclose all responsive records within the statutorily prescribed time limit violates, at a minimum, 5 U.S.C. § 552(a)(3)(A) and 552(a)(6)(A)(i), as well as the regulations promulgated thereunder at 11 C.F.R. §§ 9405.4(c), 9405.7(c).

### COUNT FOUR
**Violation of the Freedom of Information Act, 5 U.S.C. § 552,
for Improper Denial of Expedited Processing of Request #21-00027**

80.　　The Plaintiff realleges and incorporates by reference as if fully set forth herein each of the preceding paragraphs and allegations.

81.　　FOIA provides for expedited processing where the requestor "demonstrates a compelling need." 5 U.S.C. § 552(a)(6)(E). The EAC's regulations provide that a "'compelling need' means, with respect to a request made by a person primarily engaged in disseminating information, urgency to inform the public concerning actual or alleged Federal government activity." 11 C.F.R. § 9405.7(h)(1).

82.　　The Plaintiff's request for expedited processing of Request #21-00027 explained the urgent need for the requested records to inform the public about private communications between EAC staff and voting machine vendors that led to revisions of VVSG 2.0.

83.　　The Defendant's denial of the Plaintiff's request for expedited processing of Request #21-00027 violates 5 U.S.C. § 552(a)(6)(E) and 11 C.F.R. § 9405.7(h).

### COUNT FIVE
**Violation of the Freedom of Information Act, 5 U.S.C. § 552,
for Improper Failure to Grant Fee Waiver for Request #21-00027**

84.　　The Plaintiff realleges and incorporates by reference as if fully set forth herein each of the preceding paragraphs and allegations.

85.     The Defendant is obligated under 5 U.S.C. § 552(a)(4)(A)(iii) to grant fee waivers for FOIA requests when "disclosure of the information is in the public interest because it is likely to contribute significantly to public understanding of the operations or activities of the government and is not primarily in the commercial interest of the requester." *See also* 11 C.F.R. § 9405.12.

86.     The Plaintiff's request for a fee waiver for Request #21-00027 adequately showed that disclosure of the requested records was in the public interest and not in the Plaintiff's commercial interest. The request explained that the requested records would help the public understand the EAC's general operations with respect to securing elections and the specific controversy concerning the EAC's revisions to the VVSG 2.0. Further, the request explained that FSFP is a nonprofit with no commercial interest in the records.

87.     The Defendant's constructive denial of the Plaintiff's request for a fee waiver for Request #21-00027 violates 5 U.S.C. § 552(a)(4)(A)(iii) and 11 C.F.R. § 9405.12.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court:

a.      Declare that the Defendant's failure to disclose the records responsive to the Plaintiff's requests violates FOIA, 5 U.S.C. § 552(a)(3)(A), as well as the regulations promulgated thereunder;

b.      Order the Defendant to produce, by a date certain, all records responsive to the Plaintiff's FOIA requests in accordance with 5 U.S.C. § 552(a)(3)(C);

c.      Declare that the Defendant's failure to promptly produce records responsive to the Plaintiff's requests violates FOIA, 5 U.S.C. § 552(a)(6)(A)(i);

d.  Declare that the Defendant's failure to expedite the processing of the Plaintiff's FOIA requests violates FOIA, 5 U.S.C. § 552(a)(6)(E), and 11 CFR § 9405.7(h);

e.  Order the Defendant to expeditiously process and disclose all responsive, nonexempt records or portions of records, as well as to produce a *Vaughn* index of any records or portions of records withheld based on a claimed exemption;

f.  Enjoin the Defendant from improperly withholding records responsive to the Plaintiff's FOIA requests;

g.  Order the Defendant to grant the Plaintiff's request for a fee waiver;

h.  Award the Plaintiff reasonable attorneys' fees and other litigation costs pursuant to 5 U.S.C. § 552(a)(4)(E), and any other applicable statute or regulation;

i.  Retain jurisdiction to ensure the Defendant's ongoing compliance with the foregoing orders; and

j.  Grant such other and further relief that this Court deems just, equitable, and appropriate.

Date:   March 29, 2021

Respectfully submitted,

/s/ Caroline L. Wolverton

_____

Matthew R. Nicely
D.C. Bar No. 430567
Caroline L. Wolverton
D.C. Bar No. 496433
AKIN GUMP STRAUSS HAUER & FELD LLP
2001 K Street, N.W.
Washington, DC 20006 |
(202) 887-4000

/s/ Ronald Fein

_____
FREE SPEECH FOR PEOPLE
Ronald Fein
D.D.C. Bar No. MA0012
rfein@freespeechforpeople.org
Gillian Cassell-Stiga (*pro hac vice* motion forthcoming)
gillian@freespeechforpeople.org
John Bonifaz (*pro hac vice* motion forthcoming)
jbonifaz@freespeechforpeople.org
Ben Clements (*pro hac vice* motion forthcoming)
bclements@freespeechforpeople.org
1320 Centre Street, Suite 405
Newton, MA 02459
Telephone: (617) 244-0234

*Counsel for Plaintiff*

20